# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Troxler et al | Civil Action No. 6:16-cv-01122 |
| versus | Unassigned District Judge |
| Heartland Recreational Vehicles LLC, et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss by Defendant Heartland Recreational Vehicles LLC's ("Heartland").[1] This matter is set for trial by jury to commence on February 5, 2018, before an unassigned district judge. Based on Plaintiffs, Bryant J. And Holly L. Troxler's, repeated failure to comply with the Court's Orders and the quickly approaching trial date, the undersigned recommends that Defendant's Motion Motion To Dismiss be GRANTED and that this case be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

### *I. Procedural Background*

Plaintiffs, Bryant and Holly Troxler, purchased a 2014 Cyclone Fifth Wheel travel trailer, Model 3110, from Dixie RV on March 19, 2016, for $47,999.00. On August 1, 2016, Plaintiffs filed this action against Heartland, Dixie Motors, L.L.C.

---

[1] The Court has construed Heartland's January 3, 2017 letter requesting dismissal of this action as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and attaches Heartland's letter to this Report and Recommendation.

and NWAN, Inc. alleging violations of the Magnuson-Moss Warranty Act ("MMWA"), Louisiana Redhibition Laws, and Negligent Repair. *R. 1*. On November 17, 2016, the Court entered a Scheduling Order setting a jury trial on February 5, 2018 and establishing the pretrial deadlines in this matter. *R. 12*.

On December 20, 2016, the undersigned issued a Report and Recommendation, finding that it was not facially apparent from the Complaint that Plaintiffs' claim under the MMWA complied with the statutory requirement that the amount in controversy total or exceed $50,000.00. The Court ordered Plaintiffs to file a brief setting forth specific facts by summary judgment-type evidence, that the amount in controversy was established. *R. 13*. As Plaintiffs failed to comply with the Court's order, the Court issued the Report and Recommendation. *R. 14*. On the date that objections to the Report and Recommendation were due, January, 3, 2017, Plaintiffs, through their then counsel, filed an objection indicating that, "in an effort to salvage this case," Plaintiffs were filing a motion to dismiss the non-diverse defendants. They further stated that they would then have diversity jurisdiction and damages that exceed the requirement for the necessary amount in controversy, $75,000, including, "all damages flowing from the sale as a result of the pendant state law claim for Redhibition, as well as from the MMWA." *R. 15*. The Report and Recommendation was vacated and on January 3, 2017, Plaintiffs' amended their Complaint to dismiss

Dixie Motors and NWAN without prejudice and to assert diversity jurisdiction. *R. 19*.

On July 27, 2017, the district judge granted Plaintiffs' Motion to Withdraw their counsel of record. *R. 27*. The district judge ordered that within thirty (30) days Plaintiffs "must either: (1) enroll new counsel, or (2) declare, in writing, their intent to proceed pro se." The district judge's order further stated, "Failure to comply with the foregoing will place Plaintiffs at risk of sanctions, including but not limited to dismissal of their suit." *R. 27*. The record reflects that Plaintiffs failed to comply with the district court's order. As the district judge retired on October 1, 2017, the undersigned ordered that Plaintiffs appear in court on October 18, 2017, "to show cause why this case should not be DISMISSED WITH PREJUDICE for their failure to comply with the [district judge's] order." *R. 28*.

On October 17, 2017, the undersigned issued an order canceling the show cause hearing based on defense counsel's October 17, 2017 correspondence to the Court, *R. 32,* which indicated Plaintiffs and Heartland "appear" to have reached—in principle—a settlement of the claims between them. *R. 31*. The parties requested additional time "to memorialize the terms of this settlement in a written document and then to seek a dismissal of the plaintiffs' claims." *R. 32*. The Court communicated to all parties that it would encourage such a settlement and allow additional time to

confect and finalize same.[2]

On December 6, 2017, counsel for Heartland filed a Motion To Enforce Settlement. *R. 33.* In its motion, counsel for Heartland stated that he made a written settlement offer to Plaintiffs by email on October 17, 2017; a little more than an hour later, Plaintiffs, through their friend helping them with the settlement negotiations, emailed back and clearly stated that Plaintiffs "accepted" the offer. On October 19, 2017, Heartland forwarded a formal document memorializing the parties' settlement that had been reached two days before for Plaintiffs to execute and return. *R. 33, Exhs. 1,2.*

On December 21, 2017, the undersigned conducted a telephone conference with the parties to address Heartland's Motion to Enforce Settlement. Mr. Troxler was present during the conference. Following the conference, the undersigned issued an Order requiring counsel for Heartland to email a copy of the Settlement Agreement to Mr. Troxler and for the Troxlers to execute the Settlement Agreement within ten days. *R. 36.* To date, the Troxlers have not signed the settlement document nor have they dismissed their claims against Heartland. In addition, the Troxlers still have not enrolled new counsel or notified the Court that they intend to proceed pro se, even

---

[2] Despite the Court canceling the show cause hearing, Plaintiffs made an off-the-record appearance and met with the Court's law clerk. Plaintiffs' confirmed that a friend (not in her capacity as a lawyer) was assisting them in an attempt to settle the lawsuit.

though they were previously ordered to do so by the Court.

## *II. Law and Analysis*

Under Fed.R.Civ.P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The Fifth Circuit has recognized dismissal with prejudice "is the severest sanction possible," and is only appropriate as a response to failure to prosecute or comply with court orders if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Atl. Sounding Co. v. Fendlason*, 555 Fed.Appx. 378, 380 (5th Cir. 2014). Furthermore, "dismissal with prejudice is a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney," and "advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions." *Id.* "Pro se litigants are not exempt from compliance with the rules of procedure." *Beard v. Experian Information Solutions Inc.*, 214 Fed.Appx. 459, 462, 2007 WL 178109, at *2 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). Thus, regardless of whether an individual represents himself, all parties have the responsibility to comply with court orders. While dismissal under either rule is a harsh sanction, it is

5

nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district *courts. Id*.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992). Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191, citing *Price*, 792 F.2d at 474. The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

Here, because Plaintiffs were *pro se*, they had no counsel to blame for their

actions. *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, *1 (5th Cir. 2011). The record reflects that Plaintiffs initially failed to comply with the district judge's order to advise the Court by October 1, 2016, that they had retained counsel or would proceed *pro se*. The record further reflects that even after this Court admonished Plaintiffs that they had violated the district court's order and that the Court would allow additional time because a settlement was pending, Plaintiffs failed to cooperate in order to consummate the settlement. Since terminating their counsel over five months ago, Plaintiffs have made no effort to advise the Court as to whether they will secure counsel or that they wish to proceed with this case pro se.

Thus, after consideration of the record, this Court concludes that the delay in this case has been occasioned by Plaintiffs themselves and not by an attorney, and the delay caused by Plaintiffs has actually prejudiced Defendant. The trial is one month away, and Defendant's focus has been on settling this case rather than preparing for the upcoming trial.

### III. Conclusion

Given Plaintiffs, Bryant and Holly Troxler's, repeated violations and apparent refusal to conform with the Court's orders, the undersigned finds that dismissal of this lawsuit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is warranted at this time. Thus, the undersigned recommends that Defendant's Motion To Dismiss

be GRANTED. Considering the facts and law described above, this Court further recommends that dismissal with prejudice is appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 5th day of January, 2018, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE